UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Lamontay Ayers, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF INDIANAPOLIS-MARION COUNTY, )<br>)<br>Defendant. )<br>_____)<br>)<br>LAMONTAY AYERS, )<br>)<br>Relator. ) | No. 1:25-cv-00866-SEB-TAB |

**ORDER**

Pending before the Court are *pro se* Relator Lamontay Ayers's ("Ms. Ayers") Motion for Change (of) Venue, Pseudonym Name, and Seal of Address from Defendants and Public Access, dkt. 16, and two Motions to Amend Complaint for Change of Venue, dkt. 23, 24. Before turning to Ms. Ayers's motions, we must first address her *qui tam* claims.

**I.      Dismissal of Ms. Ayers's *Qui Tam* Claims**

This case arises out of the investigation of an October 2020 homicide for which Ms. Ayers's son, Keyon Dale ("Mr. Dale"), was arrested and charged. (In December 2023, the murder charges were dismissed, though Mr. Dale pleaded guilty to robbery. *Dale v. Indiana*, No. 49D31-2110-MR-032427 (Marion Super. Ct. Dec. 15, 2023) (entry of plea agreement).) In the ensuing years, Ms. Ayers and her son have initiated various lawsuits in

1

this court, *Dale v. Schelhaass*, No. 1:24-cv-00818-JRS-CSW (S.D. Ind. filed on May 14, 2024) (hereinafter, "*Dale I*"); *Dale v. Indiana*, No. 1:24-cv-01667-TWP-KMB (S.D. Ind. filed on Sept. 24, 2024) (hereinafter, "*Dale II*"), and others, *Ayers v. City of Indianapolis–Marion County*, No. 3:25-cv-00264 (S.D. Tex. filed on Aug. 18, 2025), based on the government's alleged mishandling of Mr. Dale's case.

On May 5, 2025, Ms. Ayers filed this *qui tam* lawsuit against Defendant City of Indianapolis-Marion County (the "City County"), pursuant to the False Claims Act, 31 U.S.C. § 3730(b). Thereafter, on June 9, 2025, Ms. Ayers filed an amended complaint reasserting her False Claims Act allegations; adding Defendants Indianapolis-Marion County Forensic Service Agency, Douglas Boxler, Timothy Spears, and Michael Cooper; and asserting § 1983 claims based on alleged violations of her First and Fourteenth Amendment rights. Dkt. 9. On July 15, 2025, Ms. Ayers filed a Motion for Change (of) Venue, Pseudonym Name, and Seal of Address from Defendants and Public Access. Dkt. 16.

"A *qui tam* action under the [False Claims] Act is brought 'for the person and for the United States Government' and [thus] must be filed 'in the name of the Government.' " *United States v. UCB, Inc.*, 970 F.3d 835, 840–41 (7th Cir. 2020) (quoting 31 U.S.C. § 3730(b)(1)). In *qui tam* actions, the alleged "injury . . . is exclusively to the Government," and, as such, the Government is the "real party in interest." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 425 (2023) (citations omitted). "The relator is not technically the government's lawyer; but the same policy that forbids litigants . . . to be represented by nonlawyers . . . , is applicable to *qui tam* suits." *United States ex rel. Lu v.*

2

*Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 931 n.1 (2009); *see, e.g*, 28 U.S.C. § 1654 (providing that "parties may plead and conduct their own cases personally or by counsel").

In accordance with these legal principles, we issued an order on July 17, 2025, explaining to Ms. Ayers that, "to maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer." Dkt. 18 at 2 (quoting *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)). Because Ms. Ayers is not a licensed attorney, we provided her through August 7, 2025, to obtain legal counsel to prosecute this action.

Meanwhile, on July 23, 2025, the United States notified the Court of its decision not to intervene, dkt. 20, and indicated its "consent[ ] to the dismissal of this action should the Relator fail to obtain a licensed attorney or attempt to continue the case *pro se*," dkt. 21. On October 1, 2025, the Court unsealed the original complaint and accompanying exhibits, the United States's Notice of Declination, and "all other matters occurring in this action" thereafter. Dkt. 25.

The August 7th deadline for Ms. Ayers to acquire legal representation has long since passed, and no attorney has entered an appearance on her behalf. Accordingly, Ms. Ayers's *qui tam* claims shall be **dismissed without prejudice**. *Georgakis*, 722 F.3d at 1078 ("Dismissals for lack of proper representation . . . are . . . normally without prejudice, to give the plaintiff a chance to find a lawyer to handle the case.").

As noted above, Ms. Ayers amended her complaint on June 9, 2025, and added § 1983 claims based on the alleged violations of her First and Fourteenth Amendment rights.

3

"The procedural differences between personal and *qui tam* litigation are so great that it is often impractical to pursue both claims in one suit—and sometimes impossible, as when . . . the plaintiff wants to proceed *pro se*." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009); *see id.* at 853 (suggesting that when such claims are "joined in a single complaint, they often should be severed" under Federal Rule of Civil Procedure 20(b)). In order to streamline the progress of this litigation, and there otherwise being "no just reason for delay," partial final judgment of dismissal shall enter as to the *qui tam* claims only, pursuant to Federal Rule of Civil Procedure 54(b).

## II.    Ms. Ayers's Pending Motions

Having disposed of Ms. Ayers's *qui tam* claims, we turn to her various motions. On July 15, 2025, Ms. Ayers moved to transfer this case "to a district such as Washington DC where there are ATF, FBI, and DOJ headquarters," who "are [the] authorities that oversee issues pertaining to [her] claims," or, alternatively, "to the next appropriate district . . . ." Dkt. 16 at 3, 5. In her July 15th motion, Ms. Ayers also seeks the replacement of her name with a pseudonym. *Id.* at 4–5.[1] On August 29, 2025, Ms. Ayers (twice) moved to "amend [her] complaint for [a] change of venue to the Southern District of Texas." Dkt. 23, 24.[2] Construing Ms. Ayers's motions liberally, as we must for self-represented litigants, we shall

---

[1] Ms. Ayers has also requested electronic service of court orders due to difficulties tracking the progress of this (previously) sealed case as well as the placement of her address under seal. Dkt. 16 at 4. In her August 29th motion, however, Ms. Ayers asked that "the case be unsealed." Dkt. 23 at 2. Given that the Court lifted the seal on October 1, 2025, we shall deny Ms. Ayers's motion for electronic service and for maintaining her address under seal as moot.

[2] Ms. Ayers twice filed her motion to amend the complaint for a change of venue. Dkt. 23, 24. Because they are duplicative, we do not address them separately.

regard her request to transfer this case to a D.C. federal court as mooted by her most recent request for transfer to the United States District Court for the Southern District of Texas. Below, we address Ms. Ayers's motion to transfer before turning to her request for anonymity.

### A. Motion to Transfer Venue

Ms. Ayers, a citizen of Texas, seeks to have this case transferred to the United States District Court for the Southern District of Texas. Dkt. 16, 23, 24. To support her transfer petition, Ms. Ayers asserts that she has experienced "retaliations and obstruction from access to the court" in this district—namely, adverse rulings in her two previously-filed lawsuits—that have posed "safety concerns for she [sic] and her son." Dkt. 16 at 1. Ms. Ayers avers that, after she amended the pleading in *Dale I*, Mr. Dale "was subjected to a retaliatory visit by IMPD, and [she] was obstructed from access to public records . . . ." *Id.* at 1–2. "Due to the already experienced retaliations," Ms. Ayers states, she "now has a real fear for she [sic] and her son's life not knowing the extremes the defendants and/or district federal courts in Indiana may go to silence her." *Id.* at 4. Ms. Ayers seeks a transfer to the Southern District of Texas, where she has initiated her fourth federal lawsuit "for denial of familial association for enforcement of the City's no bond policy and the ongoing retaliations of obstruction of access to a court hearing transcript addressed in a previously filed," though unspecified, "motion." Dkt. 23 at 1.

Although Ms. Ayers has not identified the statutory basis for her motion, we proceed under 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

5

district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[3] "Congress enacted the federal change of venue statute . . . to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

As the moving party, Ms. Ayers bears the burden of establishing that (1) venue is proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *Nicks v. Koch Meat Co.*, 260 F. Supp. 3d 942, 954 (N.D. Ill. 2017) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). In assessing the convenience of the parties, we "generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum" as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc.*, 626 F.3d at 978. The "interest of justice" element "relates to the efficient administration of the court system": We evaluate "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in

---

[3] Section 1406, by contrast, provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the present case, venue is proper in our court because Defendants "reside[ ] in and "transact[ ] business" within this judicial district. 31 U.S.C. § 3732(a) (False Claims Act jurisdiction); *see also* 28 U.S.C. § 1391(b)(1)–(2) (proper venue in judicial district in which any defendant resides and/or in which a substantial part of the events giving rise to the claim occurred).

each locale, and the relationship of each community to the controversy." *Id.* (internal citations omitted). At bottom, "[w]hen considering whether to transfer a case, a court must engage in a flexible and individualized analysis and look beyond a narrow or rigid set of considerations in [its] determinations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (internal quotations and citations omitted).

Consistent with these legal principles, we can make short work of Ms. Ayers's motion for transfer because she has made no showing that venue and jurisdiction would be proper in the Southern District of Texas, the transferee district, such that this action "might have been brought" there. *See* 28 U.S.C. § 1404(a). To the contrary, Ms. Ayers's own averments reveal that all Defendants reside in and/or are citizens of Indiana and that the events giving rise to her claims occurred in Indiana. Am. Compl. ¶¶ 2, 5–9, dkt. 9. Ms. Ayers's arguments concerning her dissatisfaction with this court's prior rulings (in her other lawsuits) and the (perceived) "ongoing retaliations" fail to persuade us that a transfer is warranted. Her request for a transfer shall be denied accordingly.

**B.    Use of a Pseudonym**

Ms. Ayers moves to proceed under a "Jane Doe" pseudonym based on "ongoing retaliations and safety concerns." Dkt. 16 at 4. Ms. Ayers also avers that she "is already a domestic violence survivor and now being faced with retaliations and perceived abuse from the defendants and now federal courts"—hence her need for anonymity. *Id.* at 5.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024); *e.g.*, *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 913 (7th Cir. 2024) (party identification "is an important dimension of

7

publicness" because "people have a right to know who is using their courts"). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); *see also E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) ("Only 'exceptional circumstances' justify the use of a fictitious name for an adult party."). Such "exceptional circumstances" might include a party's youth, *see* Fed. R. Civ. P. 5.2(a)(3), or "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Indiana Univ.*, 101 F.4th at 491.

      Here, Ms. Ayers has failed to demonstrate that use of a pseudonym is appropriate or justified by exceptional circumstances. That Ms. Ayers is a domestic violence survivor does not, in and of itself, establish that proceeding in this case under her true name exposes her to a substantial risk of harm, especially in light of the fact that the instant lawsuit does not relate to any allegations of domestic abuse. Moreover, this action is the third of four federal actions that Ms. Ayers has brought (and continues to litigate) without the use of a pseudonym. In short, Ms. Ayers has not shown that "exceptional circumstances" warrant her use of pseudonym, and, as such, her request to proceed as "Jane Doe" shall be denied.

## CONCLUSION

      For the reasons stated above, Ms. Ayers's *qui tam* claims are hereby **DISMISSED without prejudice**. Partial final judgment shall enter as to the *qui tam* claims only.

The Clerk is **DIRECTED** to unseal Ms. Ayers's Amended Complaint, dkt. 9, and proposed summonses, dkt. 13. The Clerk is also **DIRECTED** to sign and seal the Summonses and return them to Ms. Ayers for service, dkt. 13.

Ms. Ayers's Motion to Change Venue, dkt. 16, and Motion(s) to Amend Complaint for Change of Venue, dkt. 23, 24, are **DENIED**.

This matter shall proceed accordingly.

IT IS SO ORDERED.

Date: 10/10/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LAMONTAY AYERS
13105 Wintery Tide Drive
Lamarque, TX 77568

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov